UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TONYA KAY G.,[1]<br><br>    Petitioner,<br><br>  v.<br><br>COMMISSIONER OF SOCIAL<br>SECURITY,<br><br>    Respondent. | Case No. 4:21-CV-00179-DKG<br><br>**MEMORANDUM DECISION<br>AND ORDER** |

## INTRODUCTION

Pending before the Court for consideration is Tonya Kay G.'s Petition for Review of the Respondent's denial of social security benefits, filed on April 23, 2021. (Dkt. 1). The Court has reviewed the Petition for Review, the parties' memoranda, and the administrative record ("AR"). For the reasons that follow, the Court will affirm the final decision of the Commissioner of Social Security ("Commissioner").

---

[1] Partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

**MEMORANDUM DECISION AND ORDER – 1**

## BACKGROUND

On May 6, 2019, Petitioner protectively filed an application for Title II Disability
Insurance Benefits for a period of disability beginning January 1, 2019, based upon
physical impairments including ulcerative colitis, rheumatoid arthritis due to
inflammatory bowel disease, pulmonary embolism, fatigue, insomnia, and fibromyalgia.
(AR 71, 85, 308). Petitioner's onset date was later amended to May 1, 2019. (AR 13, 43).
Her claim was initially denied on August 1, 2019, (AR 99), and again upon
reconsideration on November 1, 2019, (AR 117).

On August 5, 2020, a hearing was held before Administrative Law Judge, Stephen
Marchioro. (AR 35-68). After considering testimony from Petitioner and a vocational
expert, ALJ Marchioro issued a decision on September 1, 2020, finding Petitioner was
not disabled. (AR 13-26).

Petitioner requested review by the Social Security Appeals Council, which denied
her request for review on February 19, 2021, making the ALJ's decision the final
decision of the Commissioner. (AR 1-6). Petitioner timely appealed this final decision on
April 23, 2021. (Dkt. 1).

The Court has jurisdiction to review the Commissioner's final decision pursuant to
42 U.S.C. § 405(g). Petitioner was fifty-six years of age at the time of the alleged
disability onset and fifty-seven years old on the date of the decision. (AR 70, 33, 219).
Petitioner has a high school education and reported past relevant work as a medical
coder, medical transcriptionist, and medical receptionist. (AR 250).

**MEMORANDUM DECISION AND ORDER – 2**

## THE ALJ'S DECISION[2]

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ engages in a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520; *Lounsbury v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006) (discussing *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999)).

At step one, the ALJ determined Petitioner had not engaged in substantial gainful activity since the amended alleged onset date, May 1, 2019. (AR 15-16). At step two, the ALJ found Petitioner had the following severe impairments: axial spondyloarthritis, fibromyalgia, and lumbar degenerative disc disease. (AR 16). At step three, the ALJ determines whether a claimant's impairment or combination of impairments meets or medically equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P,

---

[2] *Kennedy v. Colvin*, 738 F.3d 1172 (9th Cir. 2013), sets forth the five-step review process as follows:

> The five-step process for disability determinations begins, at the first and second steps, by asking whether a claimant is engaged in 'substantial gainful activity' and considering the severity of the claimant's impairments. *See* 20 C.F.R. § 416.920(a)(4)(i)-(ii). If the inquiry continues beyond the second step, the third step asks whether the claimant's impairment or combination of impairments meets or equals a listing under 20 C.F.R. pt. 404, subpt. P, app. 1 and meets the duration requirement. *See id.* § 416.920(a)(4)(iii). If so, the claimant is considered disabled and benefits are awarded, ending the inquiry. *See id.* If the process continues beyond the third step, the fourth and fifth steps consider the claimant's 'residual functional capacity' in determining whether the claimant can still do past relevant work or make an adjustment to other work. *See id.* § 416.920(a)(4)(iv)-(v).

738 F.3d at 1175.

Appendix 1 ("Appendix 1"). 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526. Here, the ALJ determined that Petitioner did not have an impairment or combination of impairments that met or were medically equal to the criteria of Listings 1.04 or 14.09. (AR 19-20).

At step four, the ALJ determined Petitioner retained the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. § 404.1567(a) with the following additional limitations:

> [She] can occasionally climb ramps or stairs. She can frequently balance. She can occasionally stoop, kneel, crouch and crawl. She can never climb ladders, ropes or scaffolds. The claimant can have occasional exposure to extreme cold, extreme heat, wetness, humidity and vibrations. She must avoid all exposure to unguarded moving mechanical parts (ei: table saw, band saw or exposed gears) and unprotected heights.

(AR 20). In reliance upon testimony from the vocational expert ("VE"), the ALJ found Petitioner was capable of performing past relevant work as a medical coder, medical transcriptionist, and medical receptionist, and as a result, found Petitioner not disabled. (AR 25-26).

## ISSUE FOR REVIEW

The following issues are raised on appeal:

1.     Whether the ALJ properly evaluated the medical opinion of Clay I. Campbell, M.D.

2.     Whether the ALJ erred in failing to include Petitioner's mild mental limitations in the RFC and hypothetical to the VE.

## STANDARD OF REVIEW

On review, the Court is instructed to uphold the final decision of the

**MEMORANDUM DECISION AND ORDER – 4**

Commissioner if the decision is supported by substantial evidence and is not the product of legal error. 42 U.S.C. § 405(g); *Universal Camera Corp. v. Nat'l Labor Relations Bd.*, 340 U.S. 474 (1951); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (as amended); *DeLorme v. Sullivan*, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). It is more than a scintilla but less than a preponderance, *Jamerson v. Chater*, 112 F.3d 1064, 1066 (9th Cir. 1997), and "does not mean a large or considerable amount of evidence." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

In making its determination, the Court considers the administrative record as a whole, weighing both the evidence that supports and the evidence that does not support the ALJ's conclusion. *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014). The Court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court considers only the reasoning and actual findings identified by the ALJ and may not affirm for a different reason or based on post hoc rationalizations attempting to infer what the ALJ may have concluded. *Garrison*, 759 F.3d at 1010; *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225-26 (9th Cir. 2009).

The Court cannot disturb the Commissioner's findings if they are supported by substantial evidence, even though other evidence may exist that supports Petitioner's claims. 42 U.S.C. § 405(g); *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995). Thus, findings of the Commissioner as to any fact, if supported by

**MEMORANDUM DECISION AND ORDER – 5**

substantial evidence, will be conclusive. *Flaten*, 44 F.3d at 1457. It is well-settled that if there is substantial evidence to support the decision of the Commissioner, the decision must be upheld even when the evidence can reasonably support either affirming or reversing the Commissioner's decision, because the Court "may not substitute [its] judgment for that of the Commissioner." *Verduzco v. Apfel*, 188 F.3d 1087, 1089 (9th Cir. 1999).

## DISCUSSION

### 1.  Medical Opinion Evidence

Petitioner asserts the ALJ failed to evaluate Dr. Campbell's opinion according to SSA rules and regulations. (Dkt. 16 at 12).

#### a.  Legal Standard

New regulations governing an ALJ's evaluation of medical opinion evidence apply to claims filed on or after March 27, 2017. *See* Rules Regarding the Evaluation of Medical Evidence, 2017 WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18, 2017); 20 C.F.R. § 404.1520c. Under the new regulations, the ALJ is no longer required to give deference to any medical opinion, including treating source opinions. *Id.*; *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022). Instead, the ALJ evaluates the persuasiveness of the opinions based on several factors. 20 C.F.R. § 404.1520c(a). These are: supportability, consistency, relationship to the claimant, specialization, and other factors. 20 C.F.R.

**MEMORANDUM DECISION AND ORDER – 6**

§ 404.1520c(c)(1)-(5). The most important factors in this evaluation process are supportability and consistency.[3] 20 C.F.R. § 404.1520c(b)(2).

"Supportability means the extent to which a medical source supports the medical opinion by explaining the 'relevant ... objective medical evidence.'" *Woods*, 32 F.4th at 791-792 (quoting 20 C.F.R. § 404.1520c(c)(1)). "Consistency means the extent to which a medical opinion is 'consistent ... with the evidence from other medical sources and nonmedical sources in the claim.'" *Id*. (quoting 20 C.F.R. § 404.1520c(c)(2)).

Under this framework, the ALJ is required to articulate how persuasive they find the evidence and explain how supportability and consistency were considered. 20 C.F.R § 404.1520c(b)(2). The ALJ may, but is not required to, explain how the other secondary factors were considered, unless he or she finds that two or more medical opinions or prior administrative findings "about the same issue are both equally well-supported ... and consistent with the record ... but are not exactly the same." 20 C.F.R. § 404.1520c(b)(3). The ALJ's persuasiveness determination under the revised regulations must be supported by substantial evidence. *See Woods*, 32 F.4th at 787 ("Now, an ALJ's decision, including the decision to discredit any medical opinion, must simply be supported by substantial evidence.").

---

[3] "Supportability" is defined as: "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(1). "Consistency" is defined as: "The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(2).

### b.  Dr. Campbell's Medical Opinion

On May 23, 2019, Dr. Campbell completed Petitioner's Family Medical Leave Act ("FMLA") paperwork, opining Petitioner was able to work 8 hours a day for 2 days in the week from May 2019 to May 2020. Dr. Campbell also indicated that Petitioner's health condition was "chronic" and that she struggles with attention and concentration. (AR 813-14).

Later, on July 31, 2020, Dr. Campbell completed a Physical Medical Source Statement on Petitioner's behalf. (AR 822-825). Dr. Campbell opined that Petitioner could lift 20 pounds occasionally and ten pounds frequently; that during an eight-hour workday, she needed to walk for five minutes every 30 minutes, could stand for five minutes at a time for less than two hours, and sit for an hour at a time for less than two hours; and that she would need to be absent from work more than four days per month as well as would be off-task 20 percent of the time. (AR 823-824). Dr. Campbell also determined that Petitioner would need to take 30-minute unscheduled breaks three times a day, noting that Plaintiff's need for breaks was caused by muscle weakness; pain/paresthesias; numbness; and chronic fatigue. (AR 823). Further, Dr. Campbell opined that Petitioner could never climb ladders; could rarely twist and crouch/squat; could occasionally stoop (bend) and climb stairs; and could walk one city block without rest or severe pain. (AR 823-24). Finally, Dr. Campbell opined that Petitioner's depression and anxiety affected her physical condition and indicated that Petitioner's prognosis was poor. (AR 822-23).

### c. Analysis

The ALJ found the portion of Dr. Campbell's opinion pertaining to Petitioner's lifting restrictions persuasive, noting that they were supported by his own physical examination findings, (AR 24) (Petitioner had tenderness on palpation of the neck and one instance of an abnormal unassisted gait (citing AR 744, 775, 798, 828)), and consistent with Petitioner's robust activities of daily living, (AR 24) (discussing Petitioner's ability to walk to get around, ride her bicycle, engage in work activity, care for pets, handle her personal care independently, prepare meals, perform household chores, drive a motor vehicle, sit for "32-40 hours a week," shop in stores, sew, watch television, read, volunteer at her church two times a week, visit her grandchildren, help care for her father-in-law "3.5 to 4 days a week during the day," work 16 to 20 hours, go camping with family members on occasion, and make plans to travel to Disneyland via airplane).

However, the ALJ found the remainder of Dr. Campbell's July 2020 opinion pertaining to Petitioner's ability to walk, sit, stand, be absent from work, and be off task unpersuasive because it was unsupported by Dr. Campbell's own physical examination findings and inconsistent with Petitioner's robust activities of daily living. (AR 24-25).

The ALJ also found Dr. Campbell's May 2019 opinion contained in the FMLA paperwork unpersuasive because (1) Petitioner's ability to engage in work activity is a question reserved for the Commissioner; (2) it was unsupported by Dr. Campbell's own physical examination findings; and (3) it was inconsistent with Petitioner's robust activities of daily living. (AR 25) ("Additionally, Dr. Campbell's opinion is inconsistent

and not supported for the same reasons as noted above in summarizing Dr. Campbell's treating source statement.").

In addressing the factor of supportability, the ALJ focused on Dr. Campbell's treatment notes whereby Dr. Campbell indicated Petitioner was alert, oriented and in no acute distress with a normal unassisted gate, appeared comfortable during medical visits, was not complaining of "real joint pain, but some muscle stiffness," and stated she felt more rested. (AR 24). After summarizing Dr. Campbell's treatment notes, the ALJ concluded that Dr. Campbell's opinion was unsupported because "Dr. Campbell did not find severe abnormalities in his physical examination findings to support such restrictive findings." (AR 24).

Petitioner asserts the ALJ erred in finding Dr. Campbell's opinion unsupported because he failed to account for the fact that Petitioner's fibromyalgia "could not necessarily be revealed on objective testing." (Dkt. 16 at 14, 16). This Court agrees.

As Petitioner correctly points out, fibromyalgia is a disease that eludes objective measurement. *Benecke v. Barnhart*, 379 F.3d 587, 594 (9th Cir. 2004). "[A] person with fibromyalgia may have 'muscle strength, sensory functions, and reflexes [that] are normal,'" and normal objective examination results can be "perfectly consistent with debilitating fibromyalgia." *Revels v. Berryhill*, 874 F.3d 648, 663, 666 (9th Cir. 2017). Typical symptoms include "chronic pain throughout the body, multiple tender points, fatigue, stiffness, and a pattern of sleep disturbance that can exacerbate the cycle of pain and fatigue." *Benecke*, 379 F.3d at 590. "Their joints appear normal, and further musculoskeletal examination indicates no objective joint swelling." *Id.* (quoting

**MEMORANDUM DECISION AND ORDER – 10**

Muhammad B. Yunus, FIBROMYALGIA SYNDROME: BLUEPRINT FOR A RELIABLE DIAGNOSIS, Consultant, June 1996, at 1260). Indeed, "[t]here is an absence of symptoms that a lay person may ordinarily associate with joint and muscle pain." *Id.* Because the condition is diagnosed "entirely on the basis of the patient's reports of pain and other symptoms," and "there are no laboratory tests to confirm the diagnosis," *Benecke*, 379 F.3d at 590, a diagnosis of fibromyalgia does not rely on X-rays, MRIs, or other objective tests. Further, SSR 12-2p recognizes that the symptoms of fibromyalgia "wax and wane," and that a person may have "bad days and good days." SSR 12-2p, at *6. Consequently, the ruling warns that after a claimant has established a diagnosis of fibromyalgia, an analysis of her RFC should consider "a longitudinal record whenever possible." *Id.*

When viewing Dr. Campbell's physical examination findings through this lens and considering them alongside Petitioner's undisputed diagnosis of fibromyalgia, it is clear that Dr. Campbell's opinion is supported by the medical record. Accordingly, because the ALJ failed to consider the unique characteristics of fibromyalgia in reviewing Dr. Campbell's opinion, the Court finds the ALJ erred in concluding Dr. Campbell's medical opinions were unsupported by his examination findings.

In addressing the factor of consistency, the ALJ found Petitioner's daily activities inconsistent with the limitations Dr. Campbell imposed, focusing specifically on Petitioner's indication to Dr. Campbell that she would "care for her father-in-law '3.5 to 4 days a week during the day' while working a part-time job." (AR 24-25).

While Petitioner take issue with the ALJ's consistency finding, asserting that her

**MEMORANDUM DECISION AND ORDER – 11**

activities are not consistent with the physical requirements of full-time competitive work, (Dkt. 16 at 15-16), the Court finds that there is substantial evidence to support the ALJ's conclusion that her activities contradict the severe physical limitations Dr. Campbell assigned pertaining to Petitioner's ability to walk, sit, stand, be absent from work, and be off task during an eight-hour workday, *see Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017) ("The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." (quoting *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989))); *see also Roegner v. Comm'r of Soc. Sec. Admin.*, No. CV-20-01974-PHX-DLR, 2022 WL 1078906, at *4 (D. Ariz. Apr. 11, 2022).

Conflict between a medical opinion and Petitioner's activity level is a valid basis for rejecting that opinion. 20 C.F.R. § 404.1520c(b)(2); *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (inconsistencies between the limitations a treating physician assigned and a claimant's daily activities "may justify rejecting a treating provider's opinion." (citing *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600–02 (9th Cir. 1999))); *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (finding a medical source's proposed restrictions inconsistent with the level of activity plaintiff engaged in).

Applying the standard set forth in 20 C.F.R. § 404.1520c, the ALJ determined that Petitioner's "robust activities of daily living"—particularly where she was able to help care for her father-in-law, who has dementia, "3.5 to 4 days a week during the day" while working a part-time job, in addition to the other "robust activities of daily living" cited by the ALJ earlier in his decision—were inconsistent with the restrictions Dr. Campbell

**MEMORANDUM DECISION AND ORDER – 12**

imposed. (AR 22); (AR 24) (opining that Petitioner was able to walk for 5 minutes every 30 minutes three times a day in an 8-hour workday; stand for 5 minutes at a time for less than 2 hours in an 8-hour workday; and sit for an hour at a time for less than 2 hours in an 8-hour workday with the need to be absent from work more than four days per work month as well as being off task 20% in an 8-hour workday). This was not error, as the Court finds that a reasonable person examining the evidence could draw the same conclusion.

To the extent the evidence could be interpreted differently, or there are conflicts or ambiguities in the evidence, those matters are resolved by the ALJ. *Morgan*, 169 F.3d at 599-600. Thus, the Court must uphold the ALJ's conclusion where, as here, the evidence is subject to more than one rational interpretation and the ALJ's decision is supported by substantial evidence. *Burch*, 400 F.3d at 679.

Finally, although the ALJ erred in assessing the supportability of this portion of Dr. Campbell's opinion, his inconsistency finding is supported by substantial evidence, and the Court finds no basis to disturb the ALJ's assessment of Dr. Campbell's opinion. *See Woods*, 32 F.4th at 792 ("[A]n ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence."); *see also Thompson v. Comm'r of Soc. Sec. Admin.*, No. CV-21-08076-PHX-SPL, 2022 WL 3098039, at *6 (D. Ariz. Aug. 4, 2022) ("Even though the ALJ erred in his consideration of supportability, he properly rejected the opinion based on consistency." (citing *Woods*, 32 F.4th at 792)); *Faye O. v. Comm'r of Soc. Sec.*, No. C22-5032-MLP, 2022 WL 2392059, at *5 (W.D. Wash. July 1, 2022) (holding valid

**MEMORANDUM DECISION AND ORDER – 13**

inconsistency finding is sufficient to  affirm ALJ's decision to discount medical opinion (citing *Woods*, 32 F.4th at 791-92, 793 n.4)).

Accordingly, the Court concludes that the ALJ did not err by rejecting the portion of Dr. Campbell's opinion pertaining to Petitioner's ability to walk, sit, stand, be absent from work, and be off task during an eight-hour workday.

### 2. RFC Assessment

Petitioner asserts that the ALJ's RFC assessment is flawed because he failed to account for Petitioner's mild mental limitations in his RFC and erroneously failed to include Petitioner's mental limitations in his hypotheticals to the VE. (Dkt. 16 at 17-18).

#### a. Legal Standard

A claimant's RFC is his or her ability to do physical and mental work activities on a sustained basis despite limitations from his or her impairments. 20 C.F.R. § 404.1545. Essentially, it is the most the claimant can do despite his or her limitations. *Id.* The ALJ is required to consider all of the limitations imposed by the claimant's impairments, even those that are not severe. SSR 96–8p. The ALJ is not obligated to discuss every piece of evidence when interpreting the evidence and developing the record, or discuss every word of a medical opinion or include limitations not assessed by a medical source. *Edwin C. v. Kijakazi*, No. 5:20-cv-2478-MAR, 2021 WL 7286046, at * 6 (C.D. Cal. Nov. 19, 2021) (citing *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003)). "However, the ALJ must discuss significant and probative evidence that is contrary to the ALJ's findings and explain why it has been rejected." *Id.* (citing *Robbins*, 466 F.3d at 883; *Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984)).

### b.  Analysis

Petitioner asserts that the ALJ erred in disregarding his own findings of Plaintiff's mild mental limitations by failing to incorporate them in assessing Petitioner's RFC and in posing hypotheticals to the VE. (Dkt. 16 at 17-18). Petitioner's argument is unfounded, however, as the ALJ was not required to discuss mental limitations in the RFC if he did not believe they impacted Plaintiff's work ability. *See Bray*, 554 F.3d at 1228–29.

Here, at step two, the ALJ found that Petitioner's mental impairments of anxiety and depression, "considered singly and in combination, do not cause more than minimal limitation in [Petitioner's] ability to perform basic mental work activities and are therefore not severe." (AR 17). Substantial evidence supports the ALJ's finding.

Of particular import, the ALJ considered evidence that Petitioner worked part time as a medical coder both prior to and after the amended alleged onset disability date. (AR 18). The ALJ also discussed the specific evidence pertinent to each of the functional areas and determined that such evidence indicated that Petitioner had no more than mild limitations in each. (AR 18). Specifically, as to Petitioner's ability to understand, remember, or apply information, the ALJ considered mental status examinations completed during the relevant period, which revealed that Petitioner did not have any abnormalities concerning her ability to remember. The ALJ also considered Petitioner's "robust activities of daily living," which the ALJ determined contradicted Petitioner's own allegations that she "has difficulty remembering generally, understanding what is said to her, taking medications without reminders, and driving." (AR 18). Additionally, the ALJ found that Petitioner's ability to shop, spend time with family, care for her

**MEMORANDUM DECISION AND ORDER – 15**

father-in-law part-time, work in a part-time capacity at a hospital, attend church, deal

appropriately with authority, and live with others indicated she had only mild limitations

in her ability to interact with others. (AR 18). As to Petitioner's ability to concentrate,

persist, or maintain pace, the ALJ found that Petitioner's activities of driving, caring for

her father-in-law, working part-time at the hospital, riding a bicycle, preparing meals,

watching television, reading, managing funds, handling her own medical care, and

attending church, along with no indication in the medical record of distractibility,

indicated Petitioner had only mild limitations in this area as well. (AR 18). Finally, the

ALJ considered Petitioner's ability to handle self-care, care for her father-in-law, work

part-time, drive a car, prepare meals, perform household chores, and care for pets, as

indicative of no more than mild limitations in her ability to adapt or manage herself. (AR

18). Based upon his analysis of the evidence, the ALJ concluded that Petitioner has "no

more than 'mild' limitation[s] in any of the functional areas <u>and</u> the evidence does not

otherwise indicate that there is more than a minimal limitation in the claimant's ability to

do basic work activities, they are not severe." (AR 18) (emphasis in original).

Despite Petitioner's mild mental impairments, the Court finds that there is

substantial evidence in the record to support the ALJ's conclusion that Petitioner's mild

limitations in each of the functional areas would not impact her ability to work. Given the

absence of evidence that Petitioner's mild mental impairments limited Petitioner's ability

to perform any work-related activities, the ALJ was not required to include additional

mental limitations in his RFC assessment or hypothetical to the VE. *See Burch*, 400 F.3d

at 684 (finding ALJ's decision not to include plaintiff's impairment in VE hypothetical or

**MEMORANDUM DECISION AND ORDER – 16**

RFC determination proper because there was no evidence plaintiff's impairment caused any functional limitations); *Carroll v. Berryhill*, 2018 WL 2175977, at *6 (C.D. Cal. May 10, 2018) (rejecting claim that ALJ was required to include in RFC the mild limitation in social functioning finding made at step two where plaintiff failed to point to any evidence indicating that such limitation impacted claimant's work abilities). Consequently, the ALJ met the statutory burden of considering all of Petitioner's mental and physical impairments, including the moderate mental limitations discussed above when determining the RFC. 20 C.F.R. § 404.1545(a)(2). Thus, the Court finds no error in the ALJ's decision.

**<u>ORDER</u>**

**NOW THEREFORE IT IS HEREBY ORDERED:**

1)    The Commissioner's decision finding that the Petitioner is not disabled within the meaning of the Social Security Act is **AFFIRMED**.

2)    The Petition for Review (Dkt. 1) is **DISMISSED**.

DATED: August 17, 2022

_____

Honorable Debora K. Grasham
United States Magistrate Judge

**MEMORANDUM DECISION AND ORDER – 17**